UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

DANIEL ROSARIO-GONZALEZ,

Plaintiff,

v.

NATIONAL UNIVERSITY COLLEGE, et al.,

Defendants.

Civil No. 13-1106 (JAF)

**MEMORANDUM ORDER**

Plaintiff Daniel Rosario-González ("Rosario") comes before the court with a complaint alleging "fraud," "deceivement [sic]," and "breach of contract" against National University College, et al., National University College Online, Jennifer Williams, Ivelisse Ríos-Cruz, Okima S. Acevedo-Román, Lourdes Y. Lozada-López, John Doe's, and Jane Doe's ("National University et al."). (Docket No. 2). We dismiss Rosario's complaint for lack of federal jurisdiction. Further, we find that Rosario has repeatedly abused the legal process, and we prohibit him from further frivolous filings of this nature, as discussed in Part IV of this Memorandum Order.

**I.**

**Factual Background**

On February 6, 2013, Rosario filed a complaint in which he alleged "fraud," "deceivement [sic]," and "breach of contract" against National University et al. (Docket No. 2). Rosario had enrolled in an online nursing course from National University College and qualified for federal financial aid. He alleges that Ivelisse Ríos-Cruz, a financial aid

officer at National University College, promised his loans would be disbursed on December 12, 2012, but that they were not. Further, Rosario alleges that because his loans were not disbursed on that date, he was unable to buy textbooks, a computer, or internet services, causing him to fall behind in his coursework and robbing him of the opportunity to become a nurse. He alleges that he "sustained mental anguish, pecuniary losses, physical and emotional pain and sufferings, and loss of the enjoyment of life," and requests not less than $10,000,000 in compensatory damages plus interest. (Docket No. 2).

On February 14, 2013, we ordered Rosario to show cause why this case should not be dismissed for repetitive abuse of legal process in light of his prior filings: Civil Nos. 08-1836 (RLA), 08-1837 (CCC), 08-1838 (RLA), 08-2212 (FAB), 08-2213 (GAG), 09-2200 (DRD), 12-1201 (DRD), 12-1208 (DRD), and 13-1079 (JAF). (Docket No 3.)

On March 26, 2013, Rosario submitted a motion for default judgment (Docket No. 12). On March 29, 2013, we ordered Rosario to complete service. (Docket No. 11). On May 16, 2013, we reprimanded Rosario, stating that his May 7, 2013, motion was "not acceptable, since it is phrased in a disrespectful way, contrary to pleading norms and civility standards." We, therefore, ordered Rosario to secure the assistance of counsel on or before June 7, 2013, stating that we "will not allow a disrespectful plaintiff to appear pro se." (Docket No. 14). Rosario never complied with our order to secure counsel. He did, however, submit another motion on May 28, 2013, requesting that his case be heard and determined by a panel of three district court judges. (Docket No. 17). That day Rosario also filed another motion for default judgment. (Docket No. 18.)

On May 31, 2013, Rosario returned executed summons, all of which were received by R. Jiménez at Edu-K. (Docket No. 19, 19-1). No details are given as to who R. Jiménez is in

the context of Fed. R. Civ. P. 4 for proper service of process. On August 7, 2013, we ordered Rosario to show cause why his case should not be dismissed for lack of subject-matter jurisdiction and also to show cause why his case should not be dismissed for failure to serve process. Further, we ordered that Rosario must show evidence of proper service on all named defendants on or before August 23, 2013, or his case would be dismissed. (Docket No. 27). On August 22, 2013, Rosario submitted an "order to show cause" which was largely unresponsive and which, once again, requested default judgment. (Docket No. 28).

On September 4, 2013, we issued an order denying Rosario's motion for default judgment. We noted that the four returns of service mention that R. Jiménez at Edu-K is designated by law to receive summons on behalf of the National University College Online, but that the returns did not indicate if the individual defendants, Jennifer Williams, Ivelisse Ríos Cruz, Okima S. Acevedo Román, and Lourdes Y. Lozada López, were personally served or if R. Jiménez at Edu-K is authorized to receive service of process on behalf of these individually-named defendants. Therefore, we ordered Rosario to explain or clarify whether R. Jiménez was authorized to receive service of process on the defendants' behalf. In the same order, we instructed Rosario to explain why this case fits into the claimed federal jurisdiction sections quoted in the complaint: 28 U.S.C. §§ 1331 and 1343. (Docket No. 29.)

On September 6, 2013, Rosario filed a motion in compliance with our order. (Docket No. 30). He claimed that the receptionist at National University College Online told his process server to serve the complaint and summonses upon Edu-K. Rosario also claimed that this case fits into 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983 because he "challenged the constitutionality of the 5th, and 14th amendments, as well as the due process of law clause." However, Rosario did not provide fact-specific allegations to support those

Civil No. 13-1106 (JAF)                                                                                            -4-

claims. (Id.) The same day, Rosario filed yet another motion for default judgment. (Docket No. 31). On October 8, 2013, Rosario filed an informative motion alleging that the District Court clerk and "her crew," most of the federal district court judges, and a federal magistrate "have the proclivity of circumventing the Federal Rules of Civil Procedure, their own Standing Orders, the due process of law clause, and the 5th and 14th amendments to our Constitution." (Docket No. 32). On October 17, 2013, Rosario filed another "informative motion" claiming that we had violated the Federal Rules of Civil Procedure and the Constitution by not entering default judgment in his favor. (Docket No. 35).

On July 8, 2013, Rosario filed a Notice of Interlocutory Appeal, (Docket No. 21), dismissed by the First Circuit on October 22, 2013. (Docket No. 36.) On October 24, 2013, Rosario filed a motion in our court invoking "additional federal jurisdiction pursuant to Article III §2 Title 42 United States Code § 1983 Bivens versus Six Unknown Narcotics Agents [sic]." (Docket No. 37).

## II.

## Legal Standards

We construe the pleadings of pro-se plaintiffs more liberally than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, "pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a federal district court has an independent obligation to review its subject-matter jurisdiction over all cases even in the absence of a challenge from any party." Arbaugh v. Y &H Corp., 546 U.S. 500, 514 (2006). We may order dismissal sua sponte if it is evident that we lack power to decide the case. See

id. This inquiry must occur before we address the merits of the case. Acosta-Ramirez v. Banco Popular de Puerto Rico, 712 F. 3d 14 (1st Cir. 2013).

Rosario initially claimed jurisdiction under 28 U.S.C. § 1331. (Docket No. 29). Section 1331 grants districts courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." For a case to arise under federal law, first it must be clear from the face of the complaint that there is a federal question. See Louisville & Nashville Railroad v. Mottley, 211 U.S. 149 (1908) (holding that plaintiffs' cause of action was based on state law breach of contract rather than a cause of action "based upon [federal] laws or [the federal] Constitution"). See also Gully v. First National Bank in Meridian, 299 U.S. 109 (1936). Secondly, a case arises under federal law if it is based on a cause of action that is created by a federal law. See American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("[a] suit arises under the law that creates the cause of action"). Thirdly, even if the complaint does not allege a cause of action based on federal law, federal question jurisdiction can still exist if an essential component of the state law pleading either reflects an important national interest or arises from a federal law that creates a cause of action. See Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005); Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986).

Rosario also claimed jurisdiction under 28 U.S.C. § 1343, entitled "Civil rights and elective franchise." Section 1343(3) provides federal jurisdiction when someone acting under state authority deprives another person of federal civil rights. The other subparts of the statute authorize jurisdiction in cases involving civil rights conspiracies and Congressional acts regarding civil rights. 28 U.S.C. § 1334.

In his October 2013 motion, Rosario also claimed to invoke federal jurisdiction "Pursuant to Article III § 2 Title 42 United States Code §1983 Bivens Versus Six Unknown Narcotics Agents [sic]." (Docket No. 37). Section 1983 provides relief when a person's constitutional rights have been violated by someone acting under state authority. 42 USC § 1983. <u>Bivens</u> provides a similar cause of action when federal agents violate the Constitution. <u>Bivens v. Six Unkown Named Agents</u>, 403 U.S. 388 (1971) (finding a cause of action after FBI agents violated plaintiff's Fourth Amendment rights).

### III.

### **Analyis**

Jurisdiction does not lie under 28 U.S.C. § 1331. It is not clear from the face of the complaint that there is a federal question, because the complaint does not cogently state an action based upon either the federal laws or the Constitution. See <u>Mottley</u>, 211 U.S. 149, 152 (1908), and <u>Gully</u>, 299 U.S. 109 (1936). In his complaint, Rosario did not list any substantive federal laws or Constitutional provisions that had been violated. Rather, he stated that his causes of action were "fraud," "deceivement [sic]," and "breach of contract," and his allegations all focus on breach of contract or fraud. (Docket No. 2). In his September 24, 2013, motion, Rosario "challenged the constitutionality of the 5th, and 14th amendments, as well as the due process of law clause." (Docket No. 2). However, Rosario made no allegations of fact to support those challenges.

Neither does jurisdiction lie under 28 U.S.C. §1343, 42 U.S.C. § 1983, or <u>Bivens</u>, because Rosario's complaint does not allege any state or federal action. State or federal action is an essential element in such claims. See 28 U.S.C. § 1343; 42 U.S.C. § 1983; <u>Bivens</u>, 403 U.S. 388 (1971).

Therefore, Rosario's claims will be dismissed for lack of subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1).

## IV.

## **Sanctions**

Rosario has repeatedly abused the legal process over the last five years. He has filed ten civil cases since 2008, with largely overlapping claims. (Docket No. 3.) We already reprimanded Rosario on May 16, 2013, stating that his previous motion was "phrased in a disrespectful way, contrary to pleading norms and civility standards." At that time, we ordered Rosario to secure the assistance of counsel on or before June 7, 2013, stating that we "will not allow a disrespectful plaintiff to appear pro se." (Docket No. 14). As of November 2013, he has still refused to do so. Continuing pro se, Rosario has filed numerous motions for default judgment despite failing to show that he completed service on all defendants, filed a motion to have his case heard before a three-judge panel, and filed numerous "informative" motions. (Docket Nos. 15, 17, 18, 20, 30, 31, 32, 35.) On October 22, 2013, the First Circuit dismissed Rosario's appeal because the interlocutory order at issue was not subject to immediate appellate review. (Docket No. 36).

It is about time that we put a legitimate stop to this nonsensical type of litigation within the confines of a district court's authority to do so. See Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980).

First of all, the Clerk of Court will not allow further *in forma pauperis* suits by this pro-se plaintiff without warning the drawing judge of the history of the pro-se litigant outlined here. Second, we enjoin plaintiff, within the confines of the Pavilonis case, from

Case 3:13-cv-01106-JAF   Document 38   Filed 11/14/13   Page 8 of 8
Civil No. 13-1106 (JAF)                                                                                              -8-

further filings of this nature under penalty of severe monetary sanctions, broadened injunction, or otherwise. See id.

This ruling will be made available to all district court judges and magistrate judges to make them aware of the issues treated here.

## V.

## **Conclusion**

For the foregoing reasons, we hereby **DISMISS** Rosario's claims. (Docket No. 2). Further, we **ENJOIN** Rosario from further frivolous filings of this nature.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of November, 2013.

                                            S/José Antonio Fusté
                                            JOSE ANTONIO FUSTE
                                            U. S. DISTRICT JUDGE